**WEISBERG & ZUKHER, PLLC.**
*Attorneys and Counselors at Law*

109 South Warren Street, Suite 410, Syracuse, New York 13202    Phone: (315) 472-7868    Fax: (315) 472-7070

| | | |
|---|---|---|
| STATE OF NEW YORK   COUNTY OF WAYNE | | Index No. 62533 |
| | | Date purchased |
| WAKEESHA N. MOODY, | | |
| | | Plaintiff(s) designate(s) |
| | | County as the place of trial. |
| | | Wayne |
| | | The basis of the venue is |
| | | Plaintiff's residence at the time of accident |
| | Plaintiff(s) | |
| against | | **Summons** |
| CSX TRANSPORTATION, INC., NEW YORK CENTRAL LINES, LLC, NYC NEWCO, INC. and PENNSYLVANIA LINES, LLC. | | Plaintiff(s) reside(s) at 829 Church Street Newark, NY 14513 County of Wayne |
| | Defendant(s) | |

To the above named Defendant(s)

**You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated,  July 1?  , 2007

Defendant's address:
1. CSX Transportation, Inc.
   80 State Street
   Albany, NY 12207.
2. NEW YORK CENTRAL LINES, LLC
   205 Reiman Street
   Buffalo, NY 14212
3. NYC NEWCO, INC.
   same as number "2"
4. Pennsylvania Lines, LLC
   110 Franklin Road
   Roanoke, VA 24042-0028

WEISBERG & ZUKHER, PLLC, DAVID E.
Attorney(s) for Plaintiff   ZUKHER, ESQ.
Office and Post Office Address
109 S. Warren Street, Ste. 410
Syracuse, NY 13202
(315) 472-7868

2007 JUL 23 P 3:01
WAYNE COUNTY
CLERK'S OFFICE
FILED

SUPREME COURT
STATE OF NEW YORK      COUNTY OF WAYNE

WAKEESHA N. MOODY,

                          Plaintiff,                              **COMPLAINT**

        -vs-                                               Index No.:

CSX TRANSPORTATION, INC., NEW YORK CENTRAL    RJI No.:
LINES, LLC, NYC NEWCO, INC., and PENNSYLVANIA
LINES, LLC.,                                              Hon.:

                            **Defendants.**

       Plaintiff, Wakeesha N. Moody, by her attorneys, Weisberg & Zukher, PLLC, David E. Zukher, Esq., as and for her Complaint against the defendants respectfully alleges and shows to the Court as follows:

### Venue

1.     The basis for venue is residence of plaintiff. Plaintiff designates Wayne County as the place of the trial pursuant to CPLR §509.

### The Parties

2.     At all times hereinafter mentioned, plaintiff, Wakeesha N. Moody, is an individual residing at 54 Shuler Street, Lyons, New York, County of Wayne.

3.     Upon information and belief, and at all times hereinafter mentioned, defendant, CSX Transportation, Inc., is a corporation organized and existing under the laws of the State of Virginia, doing business in the State of New York as a railroad, with offices located at 80 State Street, Albany, New York 12207.

4. Upon information and belief, and at all times hereinafter mentioned, defendant, New York Central Lines LLC, was a Delaware Limited Liability Company which merged with defendant, NYC Newco, Inc., which was and is a corporation, organized and existing under the laws of the State of Virginia, doing business in the State of New York as a railroad, with offices located at 205 Reiman Street, Buffalo, New York 14212.

5. Upon information and belief, and at all times hereinafter mentioned, defendant, Pennsylvania Lines, LLC, was and is a corporation, organized and existing under the laws of the State of Virginia, doing business in the State of New York as a railroad, with offices located at 110 Franklin Road, Roanoke, VA 24042-0028.

### The Facts

6. Plaintiff repeats and realleges each and every paragraph of this Complaint numbered 1 through 5 above as if fully set forth herein.

7. Upon information and belief, and at all times hereinafter mentioned, defendants, their agents, servants and/or employees maintained a rail yard, situated between Franklin and Elmer Streets, Lyons, New York, County of Wayne (hereinafter "CSX Rail Yard").

8. Upon information and belief, and at all times hereinafter mentioned, the CSX Rail Yard is located in close proximity to local residential neighborhoods.

9. Upon information and belief, and at all times hereinafter mentioned, individuals, including children, customarily crossed-over the property of the CSX Rail Yard by walking between and crawling underneath the freight cars stationed on the railroad tracks.

10. Upon information and belief, and at all times hereinafter mentioned, the fact that people customarily crossed over the property of the CSX Rail Yard by walking between and

crawling underneath the freight cars stationed on the railroad tracks was known or reasonably should have been known to the defendants.

11. Upon information and belief, and at all times hereinafter mentioned, located directly adjacent to the CSX Rail Yard is the Parker Hannifin Corporation, a business located at 15 Depew Ave., Lyons, New York 14489.

12. Upon information and belief, and at all times hereinafter mentioned, the Parker Hannifin Corporation factory emits an audible noise that sounds like a moving train during its twenty-four hour daily operation.

13. Upon information and belief, on June 16, 2006, there were trains and rail cars stationed on the CSX Rail Yard tracks.

14. Upon information and belief, on June 16, 2006, plaintiff, Wakeesha N. Moody (hereinafter "Ms. Moody"), was walking on Elmer Street.

15. Upon information and belief, as frequently and customarily done by other persons, Ms. Moody attempted to crossover the property of the CSX Rail Yard by crawling underneath the freight cars stationed on the railroad tracks.

16. Upon information and belief, while Ms. Moody was underneath one of the rail cars parked on the tracks of the CSX Rail Yard, the train started moving.

17. Upon information and belief, the train, underneath which Ms. Moody was attempting to cross, began moving without issuing a siren, signal or any warning whatsoever.

18. Upon information and belief, Ms. Moody was unable to get out from under the moving train and, as a result, was crushed by the train, causing grievous trauma to her lower extremities including, but not limited to, an above-the-knee amputation of her left leg and loss of toes and severe crush injuries of her right leg.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Negligence)

19. Plaintiff repeats and realleges each and every paragraph of this Complaint numbered 1 through 18 above as if fully set forth herein.

20. The defendants, their agents, servants and/or employees owed a duty to Ms. Moody, by virtue of their ownership of the CSX Rail Yard, to keep said premises in a safe and proper condition.

21. That defendants' maintenance of the CSX Rail Yard and the activities taking place therein, all of which are located in close proximity to local residential neighborhoods, created an exceptionally hazardous situation to Ms. Moody and the public at large, requiring defendants to take exceptional and/or extra care to protect others from injury.

22. That defendants' maintenance of the CSX Rail Yard and the activities taking place therein, being located adjacent and in close proximity to the Parker Hannifin Corporation, which business emits an audible noise that sounds like a moving train during its twenty-four hour daily operation, created an exceptionally hazardous situation to Ms. Moody and the public at large, requiring the defendants to take exceptional and/or extra care to protect others from injury.

23. That defendants, their agents, servants and/or employees breached their duty of care to Ms. Moody by carelessly and negligently operating and maintaining the CSX Rail Yard, along with the trains located therein, in a dangerous condition, without adequate warning signs, sirens and lights, devices, barriers, fences, flag men or guards, and by negligently permitting children and other persons to crossover and walk along railroad tracks and to climb underneath or between the trains, and by carelessly and negligently operating and moving trains along the railroad tracks without a proper lookout or warning signal that a train is about to move.

24. That at all times herein mentioned, defendants had actual knowledge of persons routinely crawling underneath the rail cars parked at the CSX Rail Yard and of the lack of warning signs, barriers and other protective devices, and that these conditions existed for a sufficient length of time so that, in the exercise of due care, the defendants should have had notice and knowledge thereof.

25. As a direct/actual and proximate result of the aforesaid dangerous conditions and of the carelessness and negligence of the defendants, Ms. Moody was pinned by a moving rail car and sustained severe, permanent and extensive bodily injuries including, but not limited to, an above-the-knee amputation of her left leg and loss of toes and severe crush injuries of her right leg, which conditions will necessitate medical treatment for the rest of her life.

26. That solely by reason of the aforesaid and of the negligence of the defendants, its agents, servants and/or employees, Ms. Moody also suffered extreme emotional, psychological and mental distress and anxiety, which conditions necessitated and will necessitate medical treatment for the rest of her life.

27. As a result of her injuries, Ms. Moody is unable to walk, work, perform her routine daily activities, carry on a social or private life and will continue to be deprived of the same for the rest of her life.

28. As a direct result of the negligence of the defendants, as set forth above, Ms. Moody was greatly damaged and injured in the sum of Twelve Million Dollars ($12,000,000.00).

29. The amount of damages sought in this action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, plaintiff, Wakeesha N. Moody, demands judgment against the defendants in the sum of Twelve Million Dollars ($12,000,000.00), together with the costs and disbursements of this action. Ms. Moody hereby demands a trial by jury.

Dated: June 27, 2007
Syracuse, New York

Weisberg & Zukher, PLLC.

By: _____
David E. Zukher

*Attorneys for Plaintiff*
109 South Warren Street, Suite 410
Syracuse, NY 13202
Tel.: (315) 701-2939
Fax: (315) 701-2938



Watson, Jennifer

From: sop@cscinfo.com
Sent: Thursday, August 02, 2007 1:41 PM
To: Watson, Jennifer
Subject: Notice of Service of Process

# Corporation Service Company ®

*CSC SameDay SOP and CSC PowerBrief clients, click here to receive and view your Service of Process documents now.*
*For more information on instant access to your SOP, click Sign Me Up.*

**NOTICE OF SERVICE OF PROCESS**

Transmittal Number: 5270234
Date: 08/02/2007

Pursuant to client instructions, we are forwarding this summary and notice of Service of Process. The Service of Process document has been sent to the primary contact listed below.

| | |
|---|---|
| Entity: | CSX Transportation, Inc. |
| Entity I.D. Number: | 2384404 |
| Entity Served: | CSX Transportation, Inc. |
| Title of Action: | Wakeesha N. Moody vs. CSX Transportation, Inc. |
| Document(s) type: | Summons/Complaint |
| Nature of Action: | Personal Injury |
| Court: | Wayne County, New York |
| Case Number: | 63533 |
| Jurisdiction Served: | New York |
| Date Served on CSC: | 08/02/2007 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |

Plaintiff's Attorney:
David E Zucker
315-701-2939

Primary Contact:
Linda D. Philcox
CSX Corporation

8/2/2007

Page 2 of 2

**Copy of transmittal only provided to:**
Jeannie Miller
Jennifer Watson

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the document(s) and taking appropriate action.

Please visit www.incspot.com for more information on CSC's Litigation and Matter Management services, including service of process (SOP) history, online acknowledgement of SOP, fully electronic scanned SOP and SOP package tracking information.

**CSC is SAS70 Type II certified for its Litigation Management System.**

2711 Centerville Road   Wilmington, DE 19808
(888) 690-2882   |   sop@cscinfo.com

8/2/2007