UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WAKEESHA N. MOODY,<br><br>                               Plaintiff,<br><br>v.<br><br>CSX TRANSPORTATION, INC. et al.,<br><br>                               Defendants. | Civil Action No.<br>6:07-cv-06398 (MAT/MWP)<br><br>**DEFENDANTS' MOTION FOR LEAVE TO FILE A SURREPLY** |

Defendants CSX Transportation Inc., New York Central Lines, LLC, and NYC Newco, Inc. (collectively "CSXT") hereby move this Court for an order granting them leave to file the attached Surreply in opposition to Plaintiff Wakeesha Moody's ("Plaintiff") motion for spoliation sanctions. In seeking this leave, CSXT asks for the opportunity to address certain points addressed in Plaintiff's Reply to Defendants' Opposition to the Motion for Spoliation Sanctions ("Reply").

In CSXT's opposition to the motion for spoliation sanctions (Dkt.81, 81-1), it detailed the process the railroad follows when downloading event recorder data from a locomotive for transfer to the CSXT "vault" and explained the error that caused that process to fail to deliver one data file from Train Q627 to the vault. *See id.* In her Reply, Plaintiff now contends in light of those facts that CSXT breached a duty to double-check uploads to the vault that Plaintiff scarcely addressed—if at all—in the initial spoliation motion. Plaintiff also contends that CSXT had a duty to "confirm" that all of the uploaded data were in the vault prior to discarding the crashed laptop that Mr. Lewandowski had used to download the data in the first instance. CSXT seeks to respond briefly to these new duty arguments.

Plaintiff's Reply also suggests that new Federal Rule of Civil Procedure 37(e) should not apply to her motion because this case was pending before the new rule was adopted and because the laptop is "tangible" (as opposed to electronic) evidence. These contentions also warrant a brief response from CSXT.

Because the Court has indicated that there will be no oral argument on any of the pending motions,[1] absent this Surreply, CSXT will not have an opportunity to address these issues. Accordingly, in the interests of justice, CSXT respectfully requests the opportunity to be heard through the filing of this Surreply. A copy of the Defendants' proposed Surreply is attached hereto as Exhibit A.

WHEREFORE, the Defendants respectfully request that the Court grant them leave to file the attached Surreply to the Plaintiffs' Reply to the spoliation motion.

DATED:   Buffalo, New York
         June 7, 2016

NIXON PEABODY LLP

By: /s/ Laurie Styka Bloom
    Laurie Styka Bloom, Esq.
    Susan C. Roney, Esq.
    Lynnette Nogueras-Trummer, Esq.
Attorneys for Defendants
Key Towers at Fountain Plaza
40 Fountain Plaza, Suite 500
Buffalo, New York 14202
Telephone: (716) 853-8100
E-mail: lbloom@nixonpeabody.com

---

[1] Those motions include CSXT's motions (1) for summary judgment, (2) to exclude Plaintiff's expert Stephen Timko, and (3) to strike the affidavits of Plaintiff, her counsel and her expert served in opposition to the motions for summary judgment and to exclude; and Plaintiff's spoliation motion.